# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In re the Matter of the Personal Restraint Petition of<br><br>ROBERT SHERMAN WILSON,<br><br>                            Petitioner. | No.  45059-3-II<br><br><br>UNPUBLISHED OPINION |

JOHANSON, P.J. — A jury found Robert S. Wilson guilty of first degree robbery and first degree unlawful possession of a firearm during the commission of the robbery.[1]  In Wilson's personal restraint petition (PRP) he alleges that because newly-discovered evidence indicates Patrick Lamp committed the robbery, Wilson is entitled to relief from restraint or a reference hearing.  Because Wilson has not presented competent, admissible evidence nor other newly-discovered evidence sufficient to support a claim for relief or a reference hearing, we deny his petition.

---

[1] Wilson was convicted of several additional crimes but he does not challenge those convictions here.

FACTS

Wilson's claim for relief is based on assertions of newly-discovered evidence including that Lamp confessed to committing the Java 2 Go robbery in December 2008 in Graham, Washington for which Wilson was convicted.[2]

Wilson supports his petition with a declaration from Phillip Chase, an inmate of the Washington State Department of Corrections Cedar Creek center. Chase declared that while he is not related to Wilson, he knows him through a family connection. Lamp approached Chase in the dining area of the Shelton Detention Center and started a conversation with him. Lamp told Chase that "he thought [Chase's] brother ('Wilson') was [a] good guy, and stated that Wilson had been convicted and was serving a sentence for a robbery that had been committed by him ('Lamp') and had not disclosed Lamp's identity. He referred to the Java 2 Go robbery in Graham WA." Mot. & Decl. to Amend App. A to Mot. for Recons. (Aug. 14, 2014), App. A at 2.

Chase also declared that while he was in custody at the Pierce County Jail, he met Ricki Walsh. They discussed the Java 2 Go robbery. Walsh stated to Chase that he recognized Lamp as the perpetrator from photos of the robbery on Crime Stoppers. Walsh recognized Lamp because in the Crime Stoppers photos of the robbery, Lamp wore a distinctive leather jacket that Walsh said he owned until Lamp stole it.

Following his conviction, Wilson hired Patrick Pitt, a private investigator, who retired from 32 years of service with the British Police. Wilson submits Pitt's declaration as further support

---

[2] This court dismissed Wilson's previous petition in July 2014. In July 2015, the Supreme Court remanded Wilson's petition to this court for reconsideration in light of the amended declaration of Philip Chase.

for his petition. Pitt obtained the surveillance video from the robbery, a Crime Stoppers poster with Lamp's picture, and photos of Lamp and Wilson. Pitt also obtained records of Lamp's criminal history which includes one robbery with a firearm at Turtle Bay Espresso in Puyallup in November 2008, and another at Java Girls coffee stand in Parkland in January 2009.

Pitt also called Lamp in June 2013. Regarding their conversation, Pitt declared, "Following introductions, Lamp was asked to co-operate in discussions concerning the Java 2 Go espresso stand Robbery. Lamp responded that he could not assist, the matter was reiterated with the same response and the call was terminated." Decl. of Patrick Pitt (June 24, 2013), at 5. In addition, Pitt reported that Walsh's whereabouts are unknown. Finally, he interviewed Chase, and Pitt included in his declaration statements from Chase that duplicated Chase's declaration. Wilson does not provide affidavits from Walsh and Lamp in support of his PRP.

ANALYSIS

Wilson argues that, at a minimum, he is entitled to a reference hearing to determine if he is entitled to relief from restraint because he has newly-discovered evidence that would change the trial result pursuant to RAP 16.4(a), (c)(3). We disagree.

I. PRP STANDARD OF REVIEW AND RULES OF LAW

The discovery of new evidence is a separate ground for obtaining relief in a PRP. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 319, 868 P.2d 835, 870 P.2d 964 (1994); RAP 16.4(c)(3). Under RAP 16.4, we "will grant appropriate relief to a petitioner" if "[m]aterial facts exist which

have not been previously presented and heard, which in the interest of justice require vacation of the conviction, sentence, or other order entered in a criminal proceeding." RAP 16.4(a), (c)(3).

The standard applied under RAP 16.4(c)(3) to obtain relief on the basis of newly-discovered evidence is the same as that applied to a motion for new trial based upon newly-discovered evidence. *Lord*, 123 Wn.2d at 319-20. To obtain relief on the basis of new evidence, the petitioner must demonstrate that this evidence would have been admissible at trial. *In re Jeffries*, 114 Wn.2d 485, 493, 789 P.2d 731 (1990).

Hearsay does not constitute admissible evidence that is necessary to justify a reference hearing. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 27, 296 P.3d 872 (2013). Hearsay is a statement other than one made by the declarant while testifying at trial or a hearing offered in evidence to prove the truth of the matter asserted. ER 801(c).

ER 804(b)(3) provides an exception to the rule that hearsay is inadmissible for evidence related to statements made against interest. The exception provides that a hearsay statement made by an unavailable witness is admissible in the following circumstance:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the person believed it to be true. In a criminal case, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

ER 804(b)(3). Hearsay included within hearsay is inadmissible unless each part of the combined statements conforms with an exception to the hearsay rule. ER 805.

## II. LAMP'S AND WALSH'S STATEMENTS ARE INADMISSIBLE HEARSAY

Wilson argues that Lamp's and Walsh's statements, as reported by Chase, as well as Chase's statements in Pitt's investigative report, constitute new evidence which entitles him to a reference hearing or relief from restraint. We disagree.

First, Chase's declaration relaying Walsh's recognition of Lamp as the perpetrator of the robbery is inadmissible hearsay because it is a statement made outside of court and offered to prove that Lamp stole a distinctive jacket from Walsh, that Lamp was wearing that jacket during the commission of the robbery, and that Lamp committed the robbery. ER 801; ER 802. Wilson offers no exception to the hearsay rule under which Walsh's statements could be considered admissible evidence. Because Walsh's statements are hearsay, the statements cannot be considered admissible evidence sufficient to justify a reference hearing or relief from restraint. *Yates*, 177 Wn.2d at 27.

Second, Chase's declaration reporting Lamp's confession to Chase is inadmissible hearsay because it is also an out-of-court statement offered to prove that Lamp committed the robbery for which Wilson was convicted. ER 801; ER 802. But Wilson argues that Lamp's statements fall under the hearsay exception for statements against interest pursuant to ER 804(b)(3). However, he fails to demonstrate that Lamp's statements meet the third factor of this exception. ER 804(b)(3) provides that a hearsay statement is admissible if (1) the declarant is unavailable to testify, (2) the statements so far tend to expose the declarant to criminal liability that a reasonable person in the same position would not have made the statement unless convinced of its truth, and (3) corroborating circumstances clearly indicate the statement's trustworthiness. ER 804(b)(3).

Even if we assume that Lamp meets the first two factors of the hearsay exception, Wilson has failed to provide any corroborating circumstances that clearly indicate the trustworthiness of Lamp's statements. For the purpose of ER 804(b)(3), courts assess the adequacy of corroborating circumstances by evaluating nine factors. *State v. Young*, 160 Wn.2d 799, 811, 161 P.3d 967 (2007). The nine-factor evaluation requires evidence of trustworthiness surrounding the statement and its maker, here Lamp. *Young*, 160 Wn.2d at 811. And it does not include evidence regarding collateral issues, such as other evidence of the defendant's guilt unrelated to the circumstances surrounding the statements. *State v. Anderson*, 107 Wn.2d 745, 750-51, 733 P.2d 517 (1987).

Neither Wilson nor the State address any of these nine factors. Among the evidence Wilson relies upon to "corroborate" Chase's statements are Washington State Patrol records documenting Lamp's criminal history, Pierce County Superior Court records confirming when Walsh, Chase, and Lamp were each in prison, and Pitt's observations from reviewing the record. This evidence merely addresses collateral issues and is not corroborating evidence surrounding Lamp's statement to evaluate its trustworthiness under ER 804(b)(3).

Finally, because Lamp's and Walsh's statements are inadmissible hearsay, Pitt's declaration containing the same statements made by Chase relaying Lamp's and Walsh's statements constitutes double hearsay, which is also inadmissible. ER 805. We conclude that Lamp's and Walsh's statements as related by Chase and Pitt are inadmissible hearsay. Thus, Wilson has failed to support his claim for relief with evidence that would have been admissible at trial. *Yates*, 177 Wn.2d at 27. Accordingly, his claim on this basis fails because he fails to show that he has new evidence which entitles him to a reference hearing or relief from restraint. *Jeffries*, 114 Wn.2d at 493.

6

### III. REMAINDER OF WILSON'S EVIDENCE IS NOT NEWLY DISCOVERED

Next, Wilson argues that the remainder of his evidence is also newly discovered and should be admitted to support his claim that the Java 2 Go employee who witnessed the robbery misidentified him in the photo montage.[3] We again disagree.

We will grant a petitioner relief based on newly-discovered evidence which was not previously presented at trial. RAP 16.4(a), (c)(3). A new trial will not be granted on the basis of the discovery of new evidence unless the moving party demonstrates five factors, including that the evidence could not have been discovered before trial by the exercise of due diligence. *State v. Williams*, 96 Wn.2d 215, 222-23, 634 P.2d 868 (1981). The absence of any one of the five factors is grounds for the denial of relief. *Williams*, 96 Wn.2d at 223. The test under RAP 16.4(c)(3) is the same as that applied to motions for a new trial based on newly-discovered evidence. *Lord*, 123 Wn.2d at 319-20.

The remaining evidence Wilson offers includes the surveillance video from the robbery, a Crime Stoppers poster with Lamp's picture, photos of Lamp and Wilson, Lamp's criminal history, which includes two previous robberies of espresso stands, and Pitt's assessments of Lamp's and Wilson's physical appearances all contained within Pitt's declaration and appendices.[4] Although Pitt's declaration and appendices were not created until after trial, all of this evidence was available

---

[3] Among the evidence presented against Wilson at trial was that the employee of Java 2 Go, who was the victim of the armed robbery, picked Wilson from a photo montage as the perpetrator. Lamp's image was not included among the montage.

[4] Although Wilson refers to the video footage of the robbery, this footage is not contained in the record before us.

to Wilson at the time of trial through the exercise of due diligence.[5]  Therefore, because Wilson

fails to establish one of the factors required to seek relief on the basis of discovery of new evidence,

we conclude that his requested relief must be denied.  RAP 16.4(a), (c)(3); *Williams*, 96 Wn.2d at

223.[6]

In conclusion, because Wilson's claim for relief is based on inadmissible evidence and

evidence that could have been discovered before trial, his petition is denied.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

JOHANSON, P.J.

We concur:

MELNICK, J.

SUTTON, J.

---

[5] We do not address Wilson's remaining arguments because (1) even assuming Lamp's and Walsh's statements to Chase are "new evidence," they are still inadmissible hearsay as discussed above and (2) likewise, his "other suspect" evidence relies on the same inadmissible hearsay evidence.

[6] Because Wilson does not show that his evidence could not have been discovered through due diligence at trial and because the absence of one factor is dispositive, we decline to reach the remaining four factors. *Williams*, 96 Wn.2d at 223.